## IN THE COURT OF APPEALS OF IOWA

No. 23-0526
Filed May 24, 2023

**IN THE INTEREST OF A.C.,**
**Minor Child,**

**T.C., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Scott County, Korie Talkington, District Associate Judge.


A mother appeals the termination of her parental rights. **AFFIRMED.**


Brian P. Donnelly of Mayer, Lonergan and Rolfes, Clinton, for appellant mother.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Jody R. Rowe, Davenport, attorney and guardian ad litem for minor child.


Considered by Vaitheswaran, P.J., and Ahlers and Badding, JJ.

**BADDING, Judge.**

A mother who admits to daily use of methamphetamine appeals the termination of her parental rights to her child—born in 2021—under Iowa Code section 232.116(1)(b), (d), (e), (h), (i), and (*l*) (2022).[1] The mother does not challenge any of the three steps in the termination framework, *see* Iowa Code § 232.116(1)–(3), instead confining her appeal to an ancillary issue—whether she should have been granted more time to work toward reunification. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (noting we need not discuss unchallenged steps in the analysis); *In re K.S.*, No. 22-1368, 2022 WL 10833216, at *3 (Iowa Ct. App. Oct. 19, 2022) (observing that the court proceeds to ancillary issues if the three-step framework supports termination).

The mother approaches this claim from two angles. First, she complains that combining permanency and termination hearings "renders the request for six more months to reunify, as permitted by Iowa Code section 232.104(2)(b), meaningless because, if a child cannot be returned to the parent's custody that day, a ground for termination of parental rights exists." But, as the State points out, the mother did not raise this objection before the juvenile court, so this part of her challenge is not preserved. *See In re E.B.*, No. 18-0486, 2018 WL 2727843, at *2 (Iowa Ct. App. June 6, 2018) (finding father's due process claim about the combined nature of permanency and termination hearings making his request for more time "meaningless" was unpreserved because it was not presented first to the juvenile court). In any event, the premise of her argument is wrong because

---

[1] The parental rights of the putative father as well as any unknown father were also terminated. No father appeals.

the permanency and termination hearings were not combined. A permanency hearing was held in October 2022, following which the juvenile court entered an order directing the State to petition for termination of parental rights. *See* Iowa Code § 232.104(2)(c). The State filed that petition in December, and a combined termination and permanency *review* hearing was held in March 2023. So, contrary to the mother's assertions on appeal, she was given "additional time by virtue of the time delay between the proceedings" "to demonstrate her commitment to making the necessary changes." She did not, however, take advantage of that extra time.

Yet the mother argues that if she is given still more time, she would "engage with and comply fully with services in order to enable her to safely resume her parental duties." Additional time is appropriate only if "the need for removal . . . will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b); *see also id.* § 232.117(5) (if juvenile court does not terminate parental rights it may enter an order under section 232.104). The mother has not listed the specific factors, conditions, or expected behavioral changes that will alleviate the need for removal at the end of an extension. *See id.* § 232.104(2)(b). As a result, all we have to go off of is her past conduct. *See In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998) ("[A] good prediction of the future conduct of a parent is to look at the past conduct.").

Our de novo review of the record reveals that the mother has a long history of substance-abuse and mental-health issues. The child was removed at birth in October 2021 due to the mother's use of methamphetamine while pregnant. Fast forwarding to the time of the termination hearing in March 2023, the mother was,

by her own admission, still using methamphetamine—smoking and injecting it. On top of that, the mother was homeless; remained in a domestically violent relationship; was unemployed; and had unresolved mental-health issues from her diagnoses of bipolar disorder, schizophrenia, borderline personality disorder, anxiety, and depression. The mother did not follow through with any offered treatment. While the mother attended a good chunk of her visits with the child, they remained fully supervised, with the mother appearing to be under the influence at some. The case manager for the Iowa Department of Health and Human Services testified: "I don't want to think about what would happen if she were alone with [the child]."

Long story short, "[g]iven the mother's long history of substance abuse and unquestionably continuous use throughout these proceedings, she would need to demonstrate maintenance of sobriety for a long period of time before the child could be placed in her care, certainly longer than six months." *In re S.J.*, No. 21-0238, 2021 WL 1904646, at *2 (Iowa Ct. App. May 12, 2021). So we agree with the juvenile court that additional time is not warranted and affirm termination.

**AFFIRMED.**